UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE FILTA GROUP INC.,

        Plaintiff,

  v.                                    Case No. 11-C-1168

GREGORY M VAN ELZEN and
B&R MANAGEMENT LLC,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**

This is an action for trademark infringement, unfair competition, and breach of contract arising out of the defendant's alleged continued use of the plaintiff's trademarks and service marks in the operation of a fryer management services business following the termination of the parties franchise agreement. The defendants are Gregory M. Van Elzen and B&R Management, LLC. The Complaint was filed on December 23, 2011, and on January 23, 2012 Defendant Gregory M. Van Elzen filed a pro se answer to the complaint. On February 9, 2012, plaintiff filed a motion to strike the answer as it pertains to B&R Management LLC on the ground that Van Elzen, being a non-lawyer, may not appear on behalf of the LLC.

In support of his motion, plaintiff relies upon the local rules of the district which specifically state that only natural persons are allowed to appear pro se. "Legal entities, such as corporations, partnerships, unincorporated associations, limited liability companies, or trusts, must be represented by legal counsel." Gen. L.R. Civil 83. The Local Rule reflects the law of the

circuit. *See United States v. Hagerman*, 545 F.3d, 579, 581-82 (7th Cir. 2008)(holding that a limited liability company, like a corporation, cannot litigate in federal court unless it is represented by a lawyer).

That rule would be applicable here if Van Elzen had in fact filed an answer on behalf of B&R. But it does not appear that he did. The answer filed by Van Elzen does not purport to be an answer on behalf of the LLC. It is signed by Van Elzen without any indication that his signature is other than in his personal capacity. It thus appears that no answer has been filed by B&R, and plaintiff's motion to strike such an answer will therefore be denied. I note that plaintiff has filed an amended complaint contemporaneous with the motion to strike. Accordingly, if B&R intends to contest plaintiff's claims against it, it will have to retain counsel and file a response to the amended complaint within the time allowed. Van Elzen personally, however, is free to file his own answer to the amended complaint.

**SO ORDERED** this   15th   day of February, 2012.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
